RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 3/6/12

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIM. ACTION NO. 10-0228-0001 |
| VERSUS | JUDGE ROBERT G. JAMES |
| EMMETT L. MINOR | MAG. JUDGE KAREN L. HAYES |

MEMORANDUM ORDER

Pending before the Court is a letter motion filed by Defendant Emmett L. Minor ("Minor") [Doc. No. 419]. Minor moves the Court to "recognize the fact that I have been incarcerated and/or in the custody of the U.S. Marshal since November 20, 2010 at Richland Parish Detention Center." *Id.* Minor asks the Court to "render in my judgement [sic] that . . . Emmett L. Minor will receive credit for time served since November 20, 2010." *Id.*

Pursuant to 18 U.S.C. § 3585(b), the Attorney General, through the Bureau of Prisons ("BOP"), is charged with calculating a defendant's credit for any time served in federal custody. If a defendant wishes to challenge this calculation, he must first exhaust his available administrative remedies through the BOP before litigating in federal court. *See United States v. Wilson*, 503 U.S. 329, 335 (1992). Then the defendant may seek review in federal court by filing a petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2241, in the district in which he is incarcerated. *See Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000) ("A section 2241 petition on behalf of a sentenced prisoner attacks the manner in which a sentence is carried out or the prison authorities' determination of its duration, and must be filed in the same district where the prisoner is incarcerated.").

In this case, Minor has not been received in the custody of the BOP since he remains at

Richland Parish Detention Center. Therefore, he cannot have addressed this issue with the BOP, and he certainly cannot have exhausted his remedies through the BOP. Once he has exhausted his remedies with the BOP, if Minor is not satisfied with its determination, he can file a section 2241 petition in the appropriate district.

The Court notes that, after reviewing Minor's Pre-Sentence Report, it does not appear that Minor has any pending state charges. Therefore, the Court anticipates that the BOP will credit him for all time he has served since his arrest in Dallas, Texas, on November 22, 2010. [Doc. No. 187].

To the extent that Minor moves the Court to amend his Judgment, the Court finds no basis for amendment; therefore,

IT IS ORDERED that Minor's letter motion [Doc. No. 419] is DENIED.

To the extent that Minor moves the Court for credit for time served in federal custody, the Court construes his letter motion as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, and

IT IS FURTHER ORDERED that the motion, as construed, is DENIED AND DISMISSED WITHOUT PREJUDICE to Minor's right to re-file in the proper court after he has exhausted his administrative remedies.

MONROE, LOUISIANA, this 6th day of March, 2012.

ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE